UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | Criminal Action No. 5: 17-134-DCR |
| ) | and |
| V. ) | Civil Action No. 5: 22-045-DCR |
| ) | |
| LOUIS L. MARTIN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Louis Martin pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 28] Thereafter, Martin was sentenced him to 120 months' imprisonment, three years of supervised release, and a $3,000.00 fine. [Record No. 42] Martin recently filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 57] The parties have fully briefed the motion [Record Nos. 63 and 65],[1] After careful review, Court concludes that the motion is untimely and Martin is not entitled to equitable tolling. Therefore, the motion will be denied.

I.

Martin was involved in a domestic dispute during which he beat his pregnant girlfriend, threatened her with a handgun, and held her against her will in a bedroom. [*See* Record No.

---

[1] Martin's latest brief has been docketed as a copy of a filing with the United States Court of Appeals for the Sixth Circuit because he apparently tendered a copy of it to the appellate court. [*See* Record No. 65.] However, the defendant clearly intends it to serve as a reply brief that addresses the United States' response to the § 2255 motion.

- 1 -

45, ¶¶ 7-13.] The officers who arrived on the scene found the handgun at the base of a sofa where Martin had been sitting. [*Id.* at ¶ 9.]

This incident resulted in a one-count Indictment, charging the defendant with being a convicted felon in possession of a handgun, in violation of 18 U.S.C. § 922(g)(1).[2] [Record No. 1] Martin pleaded guilty on March 5, 2018, and the Court sentenced him on June 8, 2018. [Record Nos. 28 and 42]

Martin appealed his sentence, arguing that the Court erred in calculating his offense level under the applicable United States Sentencing Guidelines and challenging the substantive reasonableness of the fine imposed. *See United States v. Martin*, 771 F. App'x 628 (6th Cir. 2019). But in an opinion filed May 8, 2019, the United States Court of Appeals for the Sixth Circuit rejected the defendant's arguments and affirmed the Judgment. *Id.* Martin did not petition the Supreme Court for a writ of certiorari. [Record No. 57, p. 2]

The Clerk of the Court docketed the pending § 2255 motion, which is dated February 17, 2022, on March 1, 2022. [Record No. 57] Martin raises several grounds for relief concerning his conviction and sentence. [*See id.*] He has submitted a lengthy memorandum and a reply in support of his motion, which appear to frame at least some of his arguments as ineffective assistance of counsel claims under the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). [Record Nos. 57-1 and 65] The United States argues in response that: (1) the motion is untimely and not subject to equitable tolling; (2) most of the defendant's arguments are procedurally defaulted and barred by the defendant's plea

---

[2] Martin has prior state felony convictions for second degree robbery, theft by unlawful taking, and wanton murder. [Record No. 45, ¶¶ 28-29]

agreement; and (3) Martin has not demonstrated ineffective assistance of counsel. [Record No. 63]

## II.

Notwithstanding any other procedural issues or problems with the merits of his motion, Martin faces a significant hurdle because the motion is untimely. As relevant here, a defendant may file a timely § 2255 motion within one year of "the date on which the judgment [became] final." 28 U.S.C. § 2255(f)(1). For the purposes of § 2255 motions, "[a] conviction becomes final when the time for direct appeal expires and no appeal has been filed . . . ." *Gillis v. United States*, 729 F. 3d 641, 644 (6th Cir. 2013) (citing *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004)). "When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed." *Sanchez-Castellano*, 358 F.3d at 426-27 (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)). This 90-day period "runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the [circuit court of appeals] mandate . . . ." Sup. Ct. R. 13(3).

The Sixth Circuit affirmed the Judgment in this case on May 8, 2019, starting the ninety-day period. That period elapsed and Martin's Judgment became final on August 6, 2019. Thus, Martin had until August 6, 2020, to file a § 2255 motion. The pending motion is untimely by approximately a year-and-a-half.

However, an untimely § 2255 motion may proceed if the defendant can demonstrate that he is entitled to consideration after equitable tolling. "Equitable tolling 'allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline

unavoidably arose from circumstances beyond that litigant's control.'" *Blain v. United States*, 766 F. App'x 327, 330 (6th Cir. 2019) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). "Courts grant equitable tolling 'sparingly,' and a habeas petitioner is entitled to equitable tolling only if he shows that (1) 'he has been pursuing his rights diligently,' and (2) 'some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749-50 (6th Cir. 2011)). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (quoting *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Martin attempts to avoid his limitations problem by claiming that the COVID-19 pandemic excuses his tardiness. [Record No. 57, p. 14] He states that "many [correctional facilities] became leary [*sic*] of contact with the mail; and the prolonged lockdowns that ensued [from] pandemic's outbreak made it almost impossible to get this application and brief before [the Court]." [*Id.*] Along the same lines, Martin contends that the pandemic "posed a problem" for conducting research for his motion. [*Id.*]

Martin's reply does not substantively address the limitations arguments contained in the government's response, other than to say that "any [pandemic-related] haphazardness . . . should . . . afford [him] the right to proceed" with his motion. [Record No. 65, p. 7] He also appears to claim (incorrectly) that the Court itself was completely closed for a time due to COVID-19 lockdowns. [*See id.*]

This Court considered similar circumstances and arguments in *United States v. Marshall*, 5:18-cr-00122-KKC-MAS-1, 2021 WL 3854469 (E.D. Ky. Aug. 5, 2021), *report and recommendation adopted by* 2021 WL 3854749 (E.D. Ky. Aug. 27, 2021). In that case,

the defendant's judgment became final on September 27, 2019, and "more than five months passed between the finality of [the judgment] in late September 2019 and the beginning of the pandemic in March 2020." *Id.* at *1-2. Still, the defendant did not file his § 2255 motion until March 11, 2021. *Id.* at *1.

The Court recognized that while the "COVID-19 pandemic *may* lead to an extraordinary circumstance warranting tolling . . . . a petitioner seeking tolling on such a basis still must demonstrate fact-specific circumstances related to the pandemic that hindered his ability to timely file a § 2255 motion." *Id.* at *2 (emphasis added) (collecting cases); *see also Andrews v. United States*, No. 17–1693, 2017 WL 6376401, at *2 (6th Cir. Dec. 12, 2017) (unpublished order) ("Courts have consistently held that general allegations of placement in segregation and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain why the circumstances he describes prevented him from timely filing a habeas petition.").

The defendant in *Marshall* generally asserted that "the pandemic prevented him from accessing his legal materials and the law library because his facility was on lockdown." 2021 WL 3854469, at *3. However, he did not provide specific details about these restrictions or argue that he could not "file[] a basic motion identifying the facts he believes warrant collateral relief during lockdown—even if such a motion required later supplementation or additional legal argumentation through briefing, once [he] regained access to legal materials." *Id.* at *3.

In short, the defendant in *Marshall* did not carry his burden of demonstrating that equitable tolling was appropriate because he had a significant amount of time to file his motion before the pandemic and he did not cite sufficiently fact-specific circumstances during the pandemic that might warrant such relief. The same is true here.

Martin's Judgment became final prior to that of the defendant in *Marshall*, and he had approximately seven months to file a § 2255 motion prior to the onset of the pandemic. Additionally, Martin asserts the same types of generalized COVID-19 arguments for equitable tolling as the defendant did in *Marshall*. He does not provide specific details concerning the dates of alleged lockdowns and/or other prison restrictions, let alone explain how they prevented him from filing a motion. And he has not shown that he actually tried to file a § 2255 motion within the time prescribed by law. Thus, the Court concludes that he has not been diligent in pursuing his rights or that an extraordinary circumstance prevented from complying with § 2255(f).

Further, Martin essentially asks the Court to find that either: (1) prison conditions were so restrictive from March 2020 through February 2022 that he could not prepare and file a § 2255 motion within any five of these months, *i.e.*, the approximate balance of time left on his limitations clock when the pandemic began; or (2) prison conditions were so restrictive that he had *no* ability to file a § 2255 motion during this twenty-three-month period. Both arguments are not facially credible. A cursory review of the Court's docket amply demonstrates that it has received many submissions from prisoners during the COVID-19 pandemic (including § 2255 motions), as has every other federal district court. It is not credible to assert that prison conditions were so restrictive that Martin could not file a § 2255 motion during the pandemic if he had exercised reasonable diligence.[3] Such an argument simply stands logic on its head.

---

[3] Because Martin's motion is untimely and he is clearly not entitled to equitable tolling, the Court does not address the parties' other arguments.

### III.

Martin also requests that the Court hold an evidentiary hearing on his claims. [Record No. 57-1, p. 56] "Unless the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Put another way, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (internal quotation marks and citation omitted).

Thus, an evidentiary hearing is not warranted when the record "conclusively establishes that [a] § 2255 motion is time-barred by the one-year statute of limitations period of § 2255(f) and that statutory tolling of the limitations period is not appropriate." *United States v. Patrick*, No. 6:06–034–DCR, 2014 WL 2991857, at *1 (E.D. Ky. July 2, 2014); *see also Goins v. United States*, No. 16-6826, 2017 WL 6546952, at *2 (6th Cir. June 26, 2017) (unpublished order). And here, the record conclusively establishes that Martin's motion is time-barred and that tolling is not appropriate. Any generalized assertions to the contrary are conclusory and inherently incredible.

Additionally, the defendant requests that counsel be appointed. [Record No. 57-1, p. 56] The Court addressed this request, which was also raised in Martin's filing that waived attorney-client privilege in an Order entered March 29, 2022. [Record No. 62] The Court's reasoning in that Order stands.

## IV.

Finally, the Court must issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts. A certificate of appealability may issue only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a motion is denied on procedural grounds, a certificate of appealability may issue when the defendant establishes that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Reasonable jurists would not debate the Court's ruling here. Martin had approximately seven months between the time his Judgment became final in early August 2019 and the onset of the pandemic in March 2020 to file his § 2255 motion. Approximately twenty-three additional months elapsed between March 2020 and the date he signed the pending motion, February 17, 2022. He has not demonstrated that he that he diligently pursued his rights or that any extraordinary circumstance effectively prevented him from filing the motion within the time prescribed by § 2255(f). Thus, the Court will issue a certificate of appealability.

## V.

Based on the forgoing analysis and discussion, it is hereby

**ORDERED** as follows:

- 9 -

     1.     Defendant/Movant Louis Martin's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 57] is **DENIED**.

     2.     The defendant/movant's requests for an evidentiary hearing and appointment of counsel are **DENIED**.

     3.     A certificate of appealability shall not issue.

Dated:  June 3, 2022.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky