UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal Action No. 5: 17-134-DCR |
| V. | ) ) ) | |
| LOUIS L. MARTIN, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Louis Martin pleaded guilty to one count of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [Record No. 28] He was sentenced to 120 months of imprisonment, three years of supervised release, and fined $3,000.00. [Record No. 42] Martin has filed a motion to reduce his sentence pursuant to 18 U.S.C. 3582(c)(2), and a motion to stay adjudication, pending implementation of a proposed amendment to § 4A1.1 of the United States Sentencing Guidelines. [Record Nos. 68, 69] The motions will be denied because, even if the proposed amendment takes effect, the amendment would not impact the duration of Martin's term of imprisonment.

Martin was sentenced in the Fayette Circuit Court on February 3, 1998, for wanton murder and theft by unlawful taking, after officials discovered Martin's victim in a gravel parking lot with a fatal gunshot wound to the forehead. [Record No. 45, ¶ 29] The defendant was found guilty following a jury trial, sentenced to thirty years in prison, but paroled on December 1, 2015. [*Id.*] Martin's violent conduct continued following release. On June 12, 2017, Martin physically assaulted his pregnant girlfriend, threatened her with a Smith and

Wesson .40 caliber pistol, and held her against her will. [*See* Record No. 45, ¶¶ 7-13.] Officers found the handgun "partially exposed at the base of the sofa where Martin had been sitting." [*Id.* at ¶ 9] Following an unsuccessful attempt to suppress relevant evidence in the case, On March 5, 2018, Martin pleaded guilty to one count of being a convicted felon in possession of a firearm. He was sentenced on June 8, 2018. [Record Nos. 28, 42]

Applying the 2016 Sentencing Guidelines Manual, Martin had a Total Offense Level of 31. [Record No. 45, ¶¶ 17, 25] He was assessed three criminal history points for his previous offenses and two additional points under § 4A1.1(d) for committing the instant offense while under a criminal justice sentence from the Fayette County Circuit Court. [*Id.* at ¶¶ 29, 32] Thus, he was placed in Criminal History Category III for purposes of calculating his non-binding range of incarceration under the sentencing guidelines. This produced a total guideline range of incarceration of 135 to 168 months of incarceration. However, the relevant statute prevented a term of incarceration greater than 120 months. Thus, under §5G1.1(a) of the United States Sentencing Guidelines, the guideline range of incarceration was reduced to 120 months. [*See* Record No. 45, p. 12.]

Recently, the United States Sentencing Commission issued a notice of its proposed amendments to the United States Sentencing Guidelines. *See* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28,254, 28,254–28,282 (proposed May 3, 2023). The proposed amendments strike § 4A1.1(d), and replace it with "the following new subsection (e)":

> (e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

88 Fed. Reg. at 28,270–71.  The Commission "has not decided whether its proposed amendment to § 4A1.1(d) will apply retroactively to defendants."  *United States v. Johnson*, No. 17-CR-01569, 2023 WL 3991049, at *2 (W.D. Tex. June 13, 2023).  If applicable here, the amendment would reduce Martin's criminal history points from five to three, lowering his Criminal History Category from III to II.

As noted above, based upon a total offense level of 31 and a Criminal History Category of III, the guideline imprisonment range was 135 months to 168 months at the time of Martin's original sentencing hearing.  [Record No. 45, ¶ 52]  Reducing his Criminal History Category to II would produce a non-binding guideline imprisonment range of 121 to 151 months, but this range again would be capped at the maximum statutory term of 120 months.  USSG 5G1.1(a).  Thus, the proposed amendment to § 4A1.1 of the United States Sentencing Guidelines would not impact Martin's sentence *even if* it were to be applied retroactively.

But putting aside the fact that the proposed amendments to the United States Sentencing Guidelines will not affect his guideline range for imprisonment, the factors outlined in section 3553(a) do not favor any relief for Martin.[1]  As the undersigned explained in some detail during Martin's sentencing hearing, but for the statutory maximum penalty for the offense of conviction, a longer – rather than shorter – term of incarceration would be appropriate in this case.

> In determining whether to impose something less than the statutory maximum, I do consider all of the factors of 3553.  None in this particular case would support a sentence below 120 months.  Instead, if the court were to go below that statutory maximum, it would unduly diminish the seriousness of this particular offense.

---

[1] The Court does not find it necessary to address whether Martin has exhausted remedies *via* a request for a sentence reduction by submitting a request to the warden where he is serving his term of incarceration.

> I look at, however, factors such as the nature and circumstances of the offense, which have been discussed ad nauseam in this hearing, in this case. This is not just a person possessing a weapon. This is a person possessing a weapon and committing other offenses with it, harming another individual, a pregnant individual, that's carrying his child.
>
> I look at the defendant's history and characteristics, and I just wonder if anyone thinks about the fact that this defendant is doing exactly what he complains about his father doing. He's done – actually, he has done worse. Not only has he taken the same type of actions in terms of violence [] in a domestic situation, but his criminal history indicates he's – he's not shy about violent acts, whether it's another assault that's reflected, that's charged, although, not resulting in criminal history points because the matter is pending, but it's similar conduct that is of a concern. But there is even more serious violence in the criminal history section with [a] conviction for wanton murder when he killed another individual.
>
> \* \* \* \*
>
> The other factors of 3553, of course, do include not only the seriousness of the offense but also the need to promote respect for the law, and to this point this defendant has not shown any respect for the law.
>
> The Court will also consider just punishment, and I believe the 120-month term of incarceration, if anything, would be insufficient. It's not often that a statutory maximum penalty is insufficient, but in this case it may be. But the maximum penalty that may be imposed in terms of incarceration. And in all likelihood it would not provide proper deterrence for this defendant but hopefully will provide general deterrence for others that might be inclined to commit a similar offense.
>
> I am concerned about the need to protect the public, and hopefully conditions of supervision will provide a measure of public protection.

[Record No. 50, pp. 80-83]

In summary, the undersigned remains convinced that the defendant's original sentence is just punishment. And it certainly is not greater than necessary to provide deterrence and some measure of protection for the public. Based on the foregoing analysis and discussion, it is hereby

- 5 -

**ORDERED** that Defendant Louis Martin's motions [Record Nos. 68, 69], are **DENIED**.

Dated: July 20, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky